UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER JIGGETTS,

                  Plaintiff,

        -against-

STATE OF MARYLAND,

                  Defendant.

20-CV-4910 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings claims of discrimination and harassment under 42 U.S.C. § 1983, alleging that he has filed "numerous cases" in Maryland's state courts but "they refused to give a ruling." (ECF 1, at 1.) For the following reasons, this action is transferred to the United States District Court for the District of Maryland.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this action concerning his litigation in Maryland's state courts, and those courts' alleged failure to process his claims. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b). Plaintiff's claims arose in Maryland, which is in the District of Maryland. *See* 28 U.S.C. § 100. Accordingly, venue lies in

the District of Maryland, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of Maryland, 28 U.S.C. § 1406(a).

## WARNING

Plaintiff, a Maryland resident, previously filed four actions in this Court concerning events that arose in Maryland that the Court transferred to the District of Maryland. *See Jiggetts v. Cheeks*, ECF 1:17-CV-6596, 3 (S.D.N.Y. Sept. 14, 2017); *Jiggetts v. State of Maryland*, ECF 1:17-CV-6595, 3 (S.D.N.Y. Aug. 31, 2017); *Jiggetts v. State of Maryland*, ECF 1:17-CV-6255, 2 (S.D.N.Y. Aug. 18, 2017); *Jiggetts v. State of Maryland*, ECF 1:17-CV-6008, 2 (S.D.N.Y. Sept. 21, 2017). He also filed two actions that the Court dismissed as frivolous. *See Jiggetts v. TransUnion*, ECF 1:17-CV-5870, 3 (S.D.N.Y. Aug. 21, 2017); *Jiggetts v. Blake*, ECF 1:17-CV-5687, 2 (S.D.N.Y. Aug. 9, 2017).

In light of Plaintiff's litigation history, the Court finds that when he filed this action, Plaintiff was or should have been aware of the venue provision governing § 1983 actions. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where *pro se* litigant with a litigation history may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further frivolous litigation in this Court, including actions concerning events that arose outside of this district, will result in an order barring Plaintiff from filing new actions *in forma pauperis* (IFP) without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Maryland. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court.

The Court warns Plaintiff that further frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:  July 7, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* with his complaint.