UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER JIGGETTS,

                Plaintiff,

      -against-

STATE OF MARYLAND,

                Defendants.

20-CV-4910 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

      By order dated July 7, 2020, the Court transferred this action to the United States District Court for the District of Maryland. On January 30, 2023, Plaintiff filed a motion to seal this action. (ECF 3.) Because the Court does not have jurisdiction to rule on this motion, the Court denies the motion.

## DISCUSSION

      The transfer of a case divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction over the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995). Here, Plaintiff filed his motion after the transferee court received this action's papers. Thus, this Court does not have jurisdiction to consider the motion. Should Plaintiff seek to seal the action here, he must move in the District of Maryland and request that the District of Maryland transfer the action back to this District, for this Court to consider the motion.[1]

---

[1] Some transferor courts affirmatively state "that any future submissions should be filed in the transferee court." *Raghubir v. Cogan*, No. 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022).

## CONCLUSION

The Court denies Plaintiff's motion to seal (ECF 3) for want of jurisdiction.

The Clerk of Court is directed not to accept any further submissions from Plaintiff under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 30, 2023
        New York, New York

_____
COLLEEN McMAHON
United States District Judge